IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RAYMOND LOFTON,**

    **Plaintiff,**

    v.                                          CASE NO. 5:22-cv-00490-JA-PRL

**PORTFOLIO RECOVERY
ASSOCIATES, LLC,**

    **Defendant.**

_____/

### **ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant Portfolio Recovery Associates, LLC, by and through its undersigned counsel, answers Plaintiff Raymond Lofton's Complaint (D.E. 1-1) as follows:

### **PARTIES, JURISDICTION, AND VENUE**

    1.    Admitted upon information and belief.

    2.    Admitted in part, denied in part.  Defendant admits that it is a company registered to do business in Florida and that its registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525. Defendant denies all remaining allegations in Paragraph 2 of the Complaint.

    3.    Defendant denies the allegations in Paragraph 3 of the Complaint.

    4.    Defendant denies the allegations in Paragraph 4 of the Complaint.

1

## COUNT I
## FDCPA

5.      Defendant incorporates and realleges Paragraphs 1 through 4 of this Answer as though fully set forth herein.

6.      Admitted in part, denied in part.  Defendant admits at times it meets the statutory definition of "debt collector" as that term is defined by 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").  Defendant denies that it always meets that statutory definition.  After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to whether it meets the statutory definition of "debt collector" as that term is defined by the FDCPA in this case and denies all such allegations.  Defendant denies all remaining allegations in Paragraph 6 of the Complaint.

7.      Admitted in part, denied in part.  Defendant admits it owns a defaulted credit card account that originated with CitiBank and that is owed by Plaintiff.  Defendant admits it attempted to collect that account from Plaintiff.  After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of all remaining allegations in Paragraph 7 of the Complaint and as such they are denied.

8.      Admitted in part, denied in part.  Defendant admits it obtained a judgment against Plaintiff.  Defendant denies all remaining allegations in Paragraph 8 of the Complaint.

9. Admitted in part, denied in part. Defendant admits it's counsel filed a motion for writ of garnishment on its behalf attempting to execute on Defendant's judgment against Plaintiff. Defendant denies all remaining allegations in Paragraph 9 of the Complaint.

10. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and as such they are denied.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and as such they are denied.

19. Defendant denies the allegations in Paragraph 17 of the Complaint.

WHEREFORE, Defendant Portfolio Recovery Associates, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff;

dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

## COUNT II
## FLORIDA'S CONSUMER COLLECTION PRACTICES ACT
## SECTION 559.72 ET SEQ.

20.  Defendant incorporates and realleges Paragraphs 1 through 19 of this Answer as though fully set forth herein.

21.  Admitted in part, denied in part.  Defendant admits Plaintiff attempts to bring this purported action for alleged violations of Fla. Stat. 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").  Defendant denies violating the FCCPA.

22.  Defendant denies the allegations in Paragraph 22 of the Complaint.

23.  Defendant denies the allegations in Paragraph 23 of the Complaint.

24.  Defendant denies the allegations in Paragraph 24 of the Complaint.

25.  Defendant denies the allegations in Paragraph 25 of the Complaint.

26.  Defendant denies the allegations in Paragraph 26 of the Complaint.

WHEREFORE, Defendant Portfolio Recovery Associates, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

# AFFIRMATIVE DEFENSES

# FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff can prove any violation of the FDCPA and/or FCCPA (which Defendant expressly denies), any such violation was not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of policies and procedures reasonably adapted to avoid such error.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By:   */s/ John M. Marees II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
MAUREEN WALSH, ESQUIRE
FL Bar No. 28179
JOSEPH E. ENDICOTT, ESQUIRE
FL Bar No. 1031915
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
mwalsh@messerstrickler.com
jendicott@messerstrickler.com
*Counsel for Defendant*

Dated: November 2, 2022

## CERTIFICATE OF SERVICE

I certify that on November 2, 2022, a true copy of the foregoing document was served on all unrepresented parties and counsel of record by electronic service.

                **MESSER STRICKLER BURNETTE, LTD.**

By:   */s/ John M. Marees II*
       LAUREN M. BURNETTE, ESQUIRE
       FL Bar No. 0120079
       JOHN M. MAREES II, ESQUIRE
       FL Bar No. 069879
       MAUREEN WALSH, ESQUIRE
       FL Bar No. 28179
       JOSEPH E. ENDICOTT, ESQUIRE
       FL Bar No. 1031915
       12276 San Jose Blvd.
       Suite 718
       Jacksonville, FL 32223
       (904) 527-1172
       (904) 683-7353 (fax)
       lburnette@messerstrickler.com
       jmarees@messerstrickler.com
       mwalsh@messerstrickler.com
       jendicott@messerstrickler.com
       *Counsel for Defendant*

Dated: November 2, 2022